## GRAY v. BUNCH.
No. 60-4108-E.

Circuit Court, Duval County.

December 15, 1960.

Greene & Greene, Jacksonville, for plaintiff.

James H. Bunch, Jacksonville, defendant, pro se.

WILLIAM H. MANESS, Circuit Judge.

The parties hereto have waived notice of final hearing and submitted this cause to the court upon plaintiff's petition for a declaratory decree and defendant's answer thereto; from the statements of counsel, supplemented by the statement of Alfred R. Taylor, Esq. (counsel for Gertrude Jennings and Theodore Jennings, not parties to this proceeding), it is agreed and affirmatively appears that there is no disputed issue of fact herein.

Briefly, the facts are that the plaintiff engaged the services of defendant to represent her in the contest of a will made by one Bertha H. Robinson, deceased; such representation was made the subject of a written agreement attached to the complaint herein and marked exhibit "A" (filed in evidence as plaintiff's exhibit no. 2), which agreement fixed the compensation for the services of

the defendant-attorney at the sum of $250 cash retainer and an additional $250 due before the entry of the final decree in "the matter of the Estate of Bertha H. Robinson, Deceased." This agreement specifically provided that it does not include "appeals nor any other suit or proceeding".

During the course of the will contest and after some testimony had been presented before the county judge, at the suggestion of the county judge, the parties and their attorneys entered into negotiations for a compromise and settlement of the dispute, and as a result a compromise settlement was worked out, copy of which "Stipulation" is attached to plaintiff's complaint and marked exhibit "B". By this stipulation it was agreed that the petition for revocation of probate and other relief sought by the plaintiff herein would be dismissed with prejudice, and that the three principal claimants would share in the residue of the estate equally, one-third each. A further provision of the stipulation recited that plaintiff herein "agrees that ‗‗‗‗‗ per cent of her share of said cash residue shall be paid to James H. Bunch as and for attorney's fees for services rendered herein". The blank space was later filled in with the figures "33-1/3" by Mr. Taylor at the direction of Mr. Bunch and such stipulation was subsequently approved by the county judge but later his approval modified to show that the county judge had no knowledge of the dispute between the plaintiff and defendant herein as to attorney's fees and specifically provided that he was not passing upon the compensation due defendant from plaintiff (see plaintiff's exhibit no. 1 herein).

Now, the defendant contends that his original employment contract fixed his compensation for the "contest of the will" and did not include his services in working out the "compromise settlement" which developed during the course of the proceedings. Plaintiff contends that her liability to defendant is only for the additional $250 which has not yet been paid on the original agreement and that she is not liable to the defendant for approximately one-third of $5,000 now available as a partial distribution and not liable for one-third of the additional amounts which she will receive from the estate. Because of this dispute, and because a check for the proceeds of the partial distribution in the amount of $5,000 has been made payable by the executor and executrix to both plaintiff and defendant jointly, this court is called upon to declare the rights of the parties and construe the conflicting documents. No challenge has been made to the jurisdiction of this court to entertain the subject matter of this suit in a declaratory decree proceeding.

Upon consideration of the pleadings, exhibits and evidence stated before this court, this court is of the opinion that the contentions of the defendant are wholly untenable. An inherent part of every contract for the services of an attorney, particularly in litigation, includes any and all work involved in working out a "compromise settlement" of the litigation. In no sense of the word can it be said that the compromise of litigation constitutes "extra services" for which an attorney can claim additional compensation. In the case at bar, certainly the work done "in the matter of the Estate of Bertha Robinson, Deceased" in contesting the will, and the stipulation arrived at did not involve "any other suit or proceeding".

Furthermore, the stipulation providing for additional compensation to the defendant-attorney for services rendered in such "compromise settlement" can have no force and effect because all the services rendered were only those services which the attorney was already obligated and bound to perform; therefore, any subsequent stipulation is without consideration and is voidable.

The contract and documents before this court are plain and unambiguous and cannot be varied by parol evidence. Such contract was for the employment of the defendant and was drawn by the defendant and must be construed most strongly against him. There is an utter failure on the part of the defendant to demonstrate any right to demand additional compensation for his services herein or to terminate the litigation after the parties have agreed on a compromise in the litigation, particularly where if the litigation was continued to a final decree no additional compensation would be due.

Therefore, it is ordered, adjudged and decreed that under the documents attached to plaintiff's complaint herein, plaintiff's liability to the defendant for the services rendered by the defendant in the matter of the estate of Bertha H. Robinson, deceased, including the services rendered in working out a compromise settlement of the will contest, is a total of $500, of which $250 has already been paid, and the limit of plaintiff's liability to defendant is for an additional $250.

It is further ordered, adjudged and decreed that plaintiff shall have and recover her costs herein taxed at $_____, of and from defendant, for which let execution issue.